# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

### No. 742

NATIONAL FIRE INS. CO. v. HUDNUT et.

Ohio Appeals, 5th Dist., Richland Co.

No. 289. Decided Sept. 24, 1927.

**First Publication of this Opinion.**

923. PLEADINGS—1. Where pleadings are in usual language and ordinary form, they must be construed as meaning what is generally understood by ordinary language. No established technical way of stating cause of action or ground of defense.

2. Common law rule, construing pleading most strongly against pleader, abrogated by 11345 GC.

480. EVIDENCE—Reversal of judgment for exclusion of evidence cannot be had unless it appears that if such evidence had been admitted, there probably would have been a different verdict.

225. CHARGE OF COURT—1. Not error to refuse to give special charge which, though sound as abstract propositions of law, is not applicable or pertinent to issuable facts.
2. Purpose of charge is to furnish proper guidance to jury, to aid and assist in deliberations, that proper and correct finding, under facts and law, may result.

Error to Common Pleas.

Judgment affirmed.

Brucker & Farber, Mansfield, for Insurance Co.

C. H. Workman, Mansfield, for Hudnut et.

HOUCK, J.

The cause below was submitted to a jury and a verdict returned for plaintiffs below, the defendants in error here, in the sum of $4,-517.77.

The parties will be hereinafter referred to as insurer and insured.

The insurer seeks a reversal of the judgment entered against it, on the following grounds:

1. That under the state of the pleadings, the court erred in admitting evidence, tending to support a waiver of certain terms and conditions of the policy of insurance.

2. Refusal of the trial judge to admit testimony offered on behalf of he insurer.

3. Refusal to give special requests numbered 1, 2 and 3, which were in writing, before argument to the jury.

4. Error in the general charge to the jury.

First: Under the issues raised in this case by the pleadings, we are of the opinion that the first claimed error is not well taken. The question of fact upon which counsel claim the court erred in admitting testimony to sustain same was first raised by the insurer and not by the insured. Therefore, it seems to us that there is now no proper or reasonable ground for complaint.

The pleadings, in this case appear to be in the usual language and the common and ordinary form used by lawyers in the stating of facts in dispute. Hence, they must be construed as meaning what is generally understood by ordinary language, and therefore, there can be no established technical way of stating a cause of action or a ground of defense.

The rules of the common law, as to the sufficiency of pleadings, are abrogated, and substituted for them are a few simple rules provided in the Code.

The rule of the common law construing a pleading most strongly against the pleader has also been abrogated by the Code.

Section 11345 General Code of Ohio reads:

"The allegations of a pleading shall be liberally construed, with a view of substantial justice between the parties."

An examination of the excluded evidence, which is urged by the insurer to be prejudicial to its legal rights, convinces us that this claim is not well taken. A reversal of a judgment for the exclusion of evidence cannot be had unless it appears that, if such evidence had been admitted, there would probably have been a different verdict returned by the jury which, in the present case, is not claimed.

A careful examination of the requests which the court, in its charge to the jury, refused to give, convinces us that they were not responsive to the issue raised by the pleadings and the evidence. As abstract propositions of law they were sound, but not applicable or pertinent to the issuable facts in the instant case.

The insurer claims error in the following paragraph of the general charge:

"If, acting in good faith, they have removed a portion of the goods, and, with the knowledge and consent of the insurance company, for the purpose of making alterations and not for the purpose of defrauding, that act, of itself, would not defeat the one insured from recovering in case of loss."

The undisputed evidence is that the goods removed from the house were removed with the full knowledge and consent of the insurer and no attempt was made to recover for such goods.

The purpose of an instruction is to furnish a proper guidance to the jury to aid and assist it in its deliberations that a proper and correct finding, under the facts of the law, may result. The questioned charge is fully within the rule here stated.

(Shields, J., and Lemert, J., concur.)